## Commonwealth v. Benjamin

*Edward M. David,* for petitioner.

*G. Wesley Allen,* for respondent.

BONNIWELL, J., December 18, 1950.—Thomas Benjamin and Eugenia Benjamin were married on June 23, 1937, in the Virgin Islands. When the couple came to Philadelphia from the Virgin Islands they brought with them, as members of their family, two minor children, Mary Abramson, born December 14, 1941, and Ovin Labert, born September 4, 1945. Neither were the children of the Benjamins, nor related to them, or ever legally adopted. They voluntarily befriended and assumed the care of Mary Abramson when she was five months old, and of Ovin Labert since he was three weeks of age. The Benjamins separated on September 15, 1950. On November 21, 1950, we made a temporary order on Thomas Benjamin of $10 per week for the support of his wife, and reserved our decision as to an order for the children. The question we must determine is whether Thomas Benjamin is legally liable for the continued support of Mary Abramson and Ovin Labert.

When defendant took upon himself the care and maintenance of the children and brought them from the Virgin Islands as members of his family he put himself in loco parentis.

In 46 C. J. 1334, §174, quoted and relied upon in Commonwealth v. Behmer, 20 D. & C. 664 (Centre County, 1934), we find that:

48

"A person standing in loco parentis to a child is one who has put himself in the situation of a lawful parent by assuming the obligations incident to the parental relation, without going through the formalities necessary to a legal adoption, and the rights, duties, and liabilities of such person are the same as those of the lawful parent. The assumption of the relation is a question of intention, which may be shown by the acts and declarations of the person alleged to stand in that relation."

In Young v. Hipple, 273 Pa. 439, Mr. Justice Simpson held (p. 447):

"Upon a consideration of the decisions in other branches of the law, it appears that where one stands in loco parentis to another, the rights and liabilities arising out of that relation, are, as the words imply, exactly the same as between parent and child."

The law clearly says that where, as here, defendant received the children into his home when they were infants, raised and treated them as his own, that relation arose, and the law presumes the continuance of a status shown to exist: Young v. Hipple, supra, 448.

The obligation to support a child is imposed upon a parent by law. The law makes that a legal duty, which the law of society makes a moral duty. The public has an interest in its performance, as the proper maintenance of all members of the community is a matter of public concern. Since the law imposes a legal duty to perform his obligation to provide for his children, he must provide for these children, to whom he stands in loco parentis.

Accordingly, we make permanent the temporary order of $10 per week for the support of defendant's wife, Eugenia Benjamin, and to pay the further additional sum of $10 per week for the support of the two minor children, Mary Abramson and Ovin Labert.